## William Johnson, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by William Johnson, plaintiff, against the Chicago & Alton Railroad Company, defendant, for personal injuries. From a judgment for $5,500 in favor of plaintiff, defendant appeals. On a former trial a judgment for plaintiff for $5,000 was reversed and the case remanded. See *Johnson v. Chicago & A. R. Co.*, 193 Ill. App. 632.

The plaintiff alleged that while driving his team along the public highway, servants of the defendant negligently rolled a large timber from a pile onto the highway close to the plaintiff's horse, allowed steam to escape with great noise from a steam box by the side of the highway and unloaded crushed stone so as to cause a large cloud of dust to arise, which acts caused the plaintiff's horses to become frightened and run away, throwing the plaintiff from the wagon and causing him to be severely injured.

WINSTON, PAYNE, STRAWN & SHAW, EDWARD DOOCY and WILLIAM MUMFORD, for appellant; SILAS H. STRAWN and CHARLES J. McFADDEN, of counsel.

W. E. WILLIAMS, A. CLAY WILLIAMS and PAUL F. GROTE, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 170*—*what defects demurrer to evidence does not extend to.* A demurrer to evidence is not applicable to defects in pleadings as such a demurrer does not extend to them.

2. TRIAL, § 212*—*how defect in declaration cannot be reached.* A defect in a declaration cannot be reached by a request for a peremptory instruction.

3. ROADS AND BRIDGES, § 237*—*when declaration states cause of action for personal injuries.* A declaration in an action for personal injuries averring that the defendant negligently unloaded pulverized stone along and upon the line of a public highway so that dust arose and enveloped the plaintiff's horses, thereby frightening them, *held* to state a good cause of action though somewhat defective.

4. RAILROADS, § 567*—*when allegation that railroad allowed steam to escape does not state cause of action.* In an action against a railroad company for personal injuries sustained by the driver of a wagon on a public highway, an averment that the defendant negligently permitted steam to escape on its right of way near the highway without averring that the steam interfered with the plaintiff's horses, *held* not to state a cause of action without the further averment that such negligence was reckless or wilful.

5. TRIAL, § 110*—*when motion to exclude evidence is properly denied.* A motion to exclude evidence *held* properly denied where the motion asked for the exclusion of both proper and improper evidence.

6. TRIAL, § 213*—*when instruction intended to withdraw count from jury is improper in form.* A requested instruction "to find the defendant not guilty" on certain named counts claimed not to state causes of action, *held* properly refused as erroneous in form, since, if the contention of the defendant was valid, the instruction should only have told the jury that there could not be a verdict against the defendant under such allegations and the evidence in support of them, and that such counts were excluded from their consideration.

7. TRIAL, § 216*—*when refusal to direct a verdict is proper.* It is not error to refuse an instruction directing a verdict when the declaration contains one good count and there is evidence sustaining that count.

8. APPEAL AND ERROR, § 1622*—*when error in admission of evidence is cured by instruction to disregard.* In an action for per-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sonal injuries sustained by the driver of a team resulting in his being thrown from the wagon as the result of the alleged negligence of the employees of the defendant in throwing a timber into the highway from a pile lying along the side thereof, thus frightening the plaintiff's horses and causing them to run away, testimony of a witness not present on the scene of the accident at the time it occurred, that ten minutes after the accident he found a timber lying in the middle of the road at the place of the accident, which testimony was introduced on a rebuttal of the defendant's evidence that its employees had not rolled a timber into the road, *held* not prejudicial though there was no evidence that there had been no change in the condition of the timber from the time the horses drove by until the witness saw it in the road, where the testimony was later excluded and the jury instructed not to consider it.

9. ROADS AND BRIDGES, § 239*—*when evidence that team never ran away with plaintiff is inadmissible.* In an action for personal injuries sustained by the driver of a team as the result of the negligent act of the defendant's servants in causing the plaintiff's horses to become frightened and run away, testimony of the plaintiff that up to the day of the accident the team never ran away with him, *held* immaterial but its admission harmless.

10. DAMAGES, § 179*—*when admission of physician's testimony proper as to permanency of injuries.* In an action for personal injuries, the admission of testimony of a doctor, who had been called to attend the plaintiff after the accident, that the plaintiff's injuries were permanent, *held* proper.

11. ROADS AND BRIDGES, § 239*—*when evidence does not show contributory negligence on part of driver of team.* In an action for personal injuries sustained by the driver of a team on a public highway, alleged to have resulted from the negligent acts of the defendant's servants causing the plaintiff's horses to become frightened and run away, evidence *held* to justify a finding that the plaintiff was not guilty of contributory negligence consisting, as claimed, in driving fractious horses or, in using defective harness.

12. ROADS AND BRIDGES, § 239*—*when evidence shows negligent acts causing horses to run away.* In an action for personal injuries to the driver of a team on a public highway alleged to have been caused by defendant's servants throwing a timber into the highway near the plaintiff's horses as they passed, causing them to become frightened and to run away, evidence *held* to justify a finding that the defendant's servants were negligent.

13. CONTINUANCE, § 17*—*when refusal to grant is proper.* A continuance or postponement will not be granted for the purpose of obtaining a witness to impeach one who has already testified.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.

14. DAMAGES, § 124*—*when verdict for personal injuries not excessive.* A verdict for $5,500 rendered in favor of a farmer, a strong, healthy man, for personal injuries consisting of a badly broken leg and bruises which rendered him a cripple for life, *held* not excessive.